UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY HORTON,

Plaintiff,

-against-

SUPERINTENDENT MARK MILLER, ET AL.,

Defendants.

**ORDER OF SERVICE**

25-CV-9876 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, currently incarcerated at Wende Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants at Green Haven Correctional Facility violated his rights. By order dated April 6, 2026, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

### A. Dismissed Claims

#### 1. C.O. Weston

Plaintiff alleges that he names Correctional Officer Weston as a Defendant in his complaint "so she can verify that Plaintiff never stalked or harassed her." (*Id.* at 26.) These facts indicate that CO Weston would be a witness in this matter, not a Defendant. Because Plaintiff does not allege any facts suggesting that Plaintiff can state any claims against CO Weston arising under Section 1983, the Court dismisses her from the action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

#### 2. Superintendent Miller and Commissioner Martuscello

Plaintiff asserts Section 1983 claims against Superintendent Miller and Commissioner Martuscello because he wrote letters to them about the events giving rise to his claims but they "did nothing." (ECF 1 at 29, 33.) To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under Section 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020);

*Alvarado v. Westchester Cnty.*, 22 F. Supp. 3d 208, 215 (S.D.N.Y. 2014) (explaining that "a defendant's mere receipt of a letter or grievance, without personally investigating or acting [thereon], is insufficient to establish personal involvement").

Plaintiff does not allege any facts showing that Superintendent Miller or Commissioner Martuscello were personally involved in the events underlying his claims. The fact that they did not respond to Plaintiff's letters to them is insufficient to establish their liability. Accordingly, the Court dismisses Plaintiff's claims against these Defendants for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. *Valentin* Order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community Supervision ("DOCCS") to identify Civilian C.J. who allegedly read Plaintiff's mail improperly in August 2025. It is therefore ordered that the New York State Attorney General's Office, which is the attorney for and agent of DOCCS, must ascertain the identity of the Doe defendant whom Plaintiff seeks to sue here and the address where the defendant may be served. The New York State Attorney General's Office must provide this information to Plaintiff and the Court within sixty days of the date of this order.

The Court will deem the complaint amended once the proper parties are identified and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named defendants and to deliver to the U.S. Marshals Service all documents necessary to effect service.

## C. Order of Service

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Lieutenant McCray; Sergeant J. Rosinsky; Senior Occupational Residential Counselor Kuinlan; and Correctional Officer S. Lear through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

## CONCLUSION

For the reasons set forth in this order, the Court dismisses Plaintiff's claims against Defendants Superintendent Mark Miller, New York State Department of Corrections and Community Supervision Commissioner Daniel Martuscello, and Correctional Officer Weston. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is instructed to issue summonses for Lieutenant McCray; Sergeant J. Rosinsky; Senior Occupational Residential Counselor Kuinlan; and Correctional Officer S. Lear, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further instructed to mail a copy of this order and the complaint to: New York Attorney General's Office, Managing Attorney's Office, 28 Liberty Street, 16th Floor, New York, N.Y. 10005.

The Clerk of Court is directed to mail an information package to Plaintiff.

**SO ORDERED.**

Dated: September 15, 2026
White Plains, New York

PHILIP M. HALPERN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Lieutenant McCray
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

2. Sergeant J. Rosinsky
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

3. Senior Occupational Residential Counselor Kuinlan
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

4. Correctional Officer S. Lear
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582